**1813.**

Boggs and another *against* Bancker.

IN this case, a *non est* was returned against the principal to *March* term 1812, and a *scire facias* against the defendant, who was the special bail, was issued to the *July* term following. Prior to the return day of the *scire facias,* the principal was discharged under the bankrupt law of *Maryland*, and the bail moved for an *exoneretur*, which was granted on the payment of *costs*.

*Bail are intitled to an exoneretur, where the principal has been discharged under a bankrupt law, upon paying the costs of the scire facias merely, and not those of the original suit.*

The question was now submitted to the Court, whether the costs of both the original and *scire facias*, were or were not included in this judgment on the motion.

*Tod* for the plaintiffs, suggested that they were, because the application of the bail being to the equitable jurisdiction of the Court, equity consisted in the bail's paying all the costs.

*Binney* for the bail, answered, that the costs in the original suit were part of the judgment, and discharged with it by the bankruptcy of the principal. All that the bail should pay, were the costs that had accrued in consequence of his not making the motion, before the *scire facias* was sued out.

BY THE COURT. The bail is to pay only the costs of the *scire facias*. He might as well be called upon to pay the debt, as the costs of the original suit. Both are included in the judgment in that suit, and both discharged by the *exoneretur*.

* The remaining cases in this volume were decided at an adjourned Court beginning the 27th of *June*, and forming part of *March* term.